## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

GLENN MILLER, on behalf of himself and all others similarly situated,

Plaintiff(s),

-against-

McCARTHY, BURGESS & WOLFF and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

### CIVIL ACTION

### CLASS ACTION COMPLAINT
### AND
### DEMAND FOR JURY TRIAL

Plaintiff, GLENN MILLER, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, McCARTHY, BURGESS & WOLFF ("MBW"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.    Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the County of Bronx, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      MBW is a foreign business with offices located at The MN&W Building, 26000 Cannon Road, Cleveland, Ohio 44146.

8.      Upon information and belief, MBW is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers and their successors in interest (the "Class"), who have received debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

All New York consumers who were sent letters and/or notices from MBW, which failed to provide the proper notices pursuant to 15 U.S.C §1692g *et seq.*

The class definition may be subsequently modified or refined.

- The Class period begins one year to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

   a.     Whether the defendants violated various provisions of the FDCPA including but not limited to:

           15 U.S.C. §1692e(10), 15 U.S.C. §1692f and §1692g.

      b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.   Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.   On or before April 11, 2016, Plaintiff allegedly incurred a financial obligation to National Pen.

15.   The National Pen obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.   The National Pen obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17.   National Pen is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18.   At some time prior to April 11, 2016, the National Pen obligation was placed with MBW for collection.

19.   At the time the National Pen obligation was placed with MBW, the balance was past due.

20.   On or about April 11, 2016, MBW caused to be delivered to Plaintiff a letter addressed to Plaintiff.  **Exhibit A.**

21.     The April 11, 2016 letter was sent to Plaintiff in connection with the collection of the National Pen obligation.

22.     The April 11, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23.     Upon receipt of the April 11, 2014, letter, Plaintiff read said letter.

24.     The April 11, 2016 letter fails to state the required notices pursuant to 15 U.S.C. §1692g.

## POLICIES AND PRACTICES COMPLAINED OF

25.     It is MBW's policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)     Using false representations and/or deceptive means to collect or attempt to collect a debt and/or collect information concerning Plaintiff;

      (b)     Using unfair or unconscionable means to collect or attempt to collect the debt;

      (c)     Failing to provide the proper notice pursuant to 15 U.S.C. §1692g(a)(3);

      (d)     Failing to provide the proper notice pursuant to 15 U.S.C. §1692g(a)(4).

26.     On information and belief, MBW sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692g

27.     Plaintiff repeats the allegations contained in paragraphs 1 through 26 as if the same were set forth at length.

28.   Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

29.   Section 1692g(a) states the following:

>         ***
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall unless the follow in contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
>         ***
>
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)   a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

30.   MBW's April 11, 2016 debt collection letter fails to state the required notice pursuant to Section 1692g(a)(3).

31.   MBW's April 11, 2016 debt collection letter fails to state the required notice pursuant to Section 1692g(a)(3).

32.   By reason thereof, MBW is liable to Plaintiff for a declaratory judgment that MBW's conduct violated Section 1692g of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692e(10)

33.    Plaintiff repeats the allegations contained in paragraphs 1 through 32 as if the same were set forth at length.

34.    Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

35.    MBW has violated Section 1692e(10) in its April 11, 2016 letter by failing to provide the proper notice pursuant to Section 1692g(a)(3).

36.    MBW has further violated Section 1692e(10) in its April 11, 2016 letter by failing to provide the proper notice pursuant to Section 1692(a)(4).

37.    By reason thereof, MBW is liable to Plaintiff for a declaratory judgment that MBW's conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692f

38.    Plaintiff repeats the allegations contained in paragraphs 1 through 37 as if the same were set forth at length.

39.    Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

40.    MBW has violated Section 1692f in its April 11, 2016 letter by failing to provide the proper notice pursuant to Section 1692g(a)(3).

41.   MBW has further violated Section 1692f in its April 11, 2016 letter by failing to provide the proper notice pursuant to Section 1692(a)(4).

42.   By reason thereof, MBW is liable to Plaintiff for a declaratory judgment that MBW's conduct violated Section 1692f of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b)   Awarding Plaintiff and the Class statutory damages;

(c)   Awarding Plaintiff and the Class actual damages;

(d)   Awarding pre-judgment interest;

(e)   Awarding post-judgment interest.

(f)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)   Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
      April 21, 2016

                    *s/ Joseph K. Jones*
                    Joseph K. Jones, Esq.
                    Jones, Wolf & Kapasi Jones, LLC
                    555 Fifth Avenue, Suite 1700
                    New York, NY 10017
                    (646) 459-7971 telephone
                    (646) 459-7973 facsimile
                    jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
Jones, Wolf & Kapasi, LLC
Jones, Wolf & Kapasi Jones, LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
bwolf@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# **EXHIBIT A**

# McCarthy, Burgess & Wolff

*A Company Devoted to Collections*                    *Nomina Exigere*

04/11/16

THE MB&W BUILDING
26000 Cannon Road
Cleveland, Ohio 44146
Phone 440.735.5100
Fax 440.735.5110

GLENN MILLER
Glenn Miller

Re: National Pen and Glenn Miller
Account #:
Invoices(s):
Balance Due: $226.49
MBW #:

Glenn Miller:

Be advised that National Pen has requested our offices initiate collection action regarding the above captioned account. They indicate that there is an outstanding balance which is due and owing.

At this point it is essential you keep the following in mind when considering how you respond:

1. You voluntarily contracted with National Pen resulting in the balance outstanding
2. You were made aware of billing terms at the time you contracted for said goods and/or services.
3. To date, this issue remains unresolved.

In the event you wish to resolve this matter at this time, make check payable to National Pen in the amount of $226.49 and mail to this office at The MB&W Building, 26000 Cannon Rd., Cleveland, OH 44146 or pay online at www.mbwpay.com. For your convenience, an automated attendant is available to process ACH/Check payments over the phone by dialing 800-669-2900. Fees may apply. If you feel the need to discuss this matter, contact me directly.

Thank you in advance for your anticipated cooperation.

*Teri Scharf*
Teri Scharf
440-735-5115 EXT. 2806
Teri.Scharf@mbandw.com

New York City Department of Consumer Affairs license number 1463527.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for those purposes.**

PLEASE SEE REVERSE FOR IMPORTANT CONSUMER RIGHTS INFORMATION.